IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL SHANE DEBAERE,      )
                            )
            Petitioner,     )
                            )
      v.                    )      1:15CV1023
                            )      1:13CR329-1
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )

**ORDER**

On October 20, 2017, the United States Magistrate Judge's Recommendation was filed and notice was served on Petitioner pursuant to 28 U.S.C. § 636. Petitioner filed objections (Doc. 49, 50) to the Recommendation within the time limit prescribed by Section 636.

The court has carefully reviewed Petitioner's objections *de novo* and finds they do not change the substance of the United States Magistrate Judge's Recommendation. (Doc. 47.) The court affirms and adopts the Recommendation.[1]

---

[1] Petitioner's third claim for relief alleges that counsel was ineffective for failing to follow Petitioner's direction to seek to withdraw his guilty plea - a directive Petitioner states he made after the plea hearing but before sentencing. (Doc. 34 at 26.) Petitioner contends that in response to this directive, counsel incorrectly advised him that he could only withdraw his plea if he could show a "fair and just reason." (Id.) The Recommendation did not address whether counsel's alleged conduct fell below a reasonable standard of performance for defense counsel, and instead resolved this claim against Petitioner on a failure to show prejudice.

This court likewise need not reach the question of whether counsel may have been mistaken to state that a "fair and just reason" was required

IT IS THEREFORE ORDERED that Petitioner's motion to vacate, set aside or correct judgment (Doc. 32) is DENIED and that this action is DISMISSED. Finding neither substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

                                                /s/   Thomas D. Schroeder
                                                United States District Judge

November 14, 2017

---

for withdrawal, where the trial court had satisfied the Rule 11 colloquy requirements but did not accept the plea until the sentencing hearing, which occurred after Petitioner says he directed his counsel to withdraw his guilty plea. (Doc. 26, 27.) See Fed. R. Crim. P. 11(d)(1) (providing right to withdraw plea before court acceptance) and (2) (requiring "fair and just reason" to withdraw a plea once accepted); United States v. Battle, 499 F.3d 315, 321–322 (4th Cir. 2007); United States v. Lambey, 974 F.2d 1389, 1394–96 (4th Cir. 1992).

    As the Recommendation properly notes, Petitioner fails to demonstrate prejudice in any event because he cannot show that a rational defendant would have ultimately withdrawn the plea and proceeded to trial, given the weight of the evidence and the likely result. The Government's sentencing request of 60 months fell well below the Sentencing Guideline range of 97-120 months, and Petitioner would have faced substantially stiffer penalties on Counts 1 and 2 (carrying mandatory minimum of 5 years and maximum of 20 years, as compared to a maximum of 10 years on count 3), which were to be dismissed in the plea deal.

    Petitioner's only objection to the Recommendation as to this claim is his contention that a decision to withdraw his guilty plea would have been rational because he could have pursued a viable motion to suppress. (Doc. 49 at 7-8.) Having considered this contention *de novo*, the court agrees with the conclusions set out in the Recommendation, and Petitioner's objections are overruled.